Curia, per Richardson, J.
In the case of the Ordinary vs. Williams and Parkman, 1 N. and McC. 587, it is decided that the ordinary must have decreed upon the accounts of the administrator, before his bond can be put in suit against the sureties.
Perhaps this may be a rule of convenience, and more for economy, of time, than a condition absolute, and precedent to any possible action, but it has been fully recog-nised and practiced upon.
In the case of the Ordinary vs. Condy, 2 Hill, 313, it has also been decided that the decree of the ordinary is not final and conclusive as to its amount, at least as against sureties to the administration bond. That they may falsify and diminish the amount has been often ruled.
This practice would seem to hold the ordinary as the indispensable auditor of the accounts, precedent to the action, and hearing of the case before the Circuit Court, but *92 that his decree is only prima facie, and still open to negative evidence on the part of the sureties.
But in the case now before the court, the decision turns upon the more obvious question made by the plaintiff’s appeal, that is, whether the decree of the ordinary, made on the 22d of September, was not a mere amendment of that made three days before, so as to constitute one judgment by assimilating the two; and this is the construction of the court.
No amendment could destroy the first decree, but might confirm and render it more perfect by passing into it. The two proceedings constitute but one decree, and were both competent evidence for the jury as one judgment of the 19th September.
I would not say that any decree of the ordinary, made after the action, but before the trial by the jury, would be competent evidence, yet, I apprehend that cases may arise in which the Circuit Court might require a further investigation and adjustment, by the ordinary, of the administrator’s accounts, before the final decision by a jury. But be this as it may, the construction now given (that the so called decree of the 22d September, was merely nunc pro tunc, and passed into the decree of the 19th September, by the right that courts have to consider again and to correct until the final decision) answers the defendant’s ground for a non-suit, and is consistent with the original rule laid down in the first named case of the Ordinary vs. Williams and Parkman, and with that against Condy.
A new trial is therefore granted.
O’Neall, Evans, Butler and Frost, JJ. concurred.